### DE BENEDETTO v. ALPHA PORTLAND CEMENT CO.

(District Court, E. D. New York. October 2, 1912.)

INFANTS (§ 82*)—GUARDIAN AD LITEM—APPOINTMENT—VACATION—DISMISSAL OF SUIT.

An injured infant was supported for a time through a benevolent society, which caused the appointment of a friend as guardian ad litem, who instituted suit against defendant for the injuries sustained, which was removed to the federal court. Thereafter the infant was taken charge of by certain relatives, who obtained a different attorney and secured the appointment of a different guardian ad litem, under whose direction another action was brought in the Supreme Court of New York county against the same defendant for the same relief. *Held* that, there being no valid objection to the appointment of the first guardian

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ad litem, a motion on behalf of the attorney for the guardian in the second action to vacate the former appointment would not be granted, nor would such action be dismissed, except on terms affording proper protection to the attorney who represented the guardian ad litem in the first suit for the services rendered.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 230; Dec. Dig. § 82.*]

Action by Francesco De Benedetto, an infant, by Peter Santees, his guardian ad litem, against the Alpha Portland Cement Company. Application by the attorney for a guardian ad litem appointed in another action to vacate the appointment of a guardian ad litem in the pending action and to discontinue the same. Denied.

Rosario Maggio, of New York City, for plaintiff on the motion only.

Gilbert E. Roe, of New York City, for Hobart S. Bird.

Everett, Clarke & Benedict, of New York City, for defendant.

CHATFIELD, District Judge. The plaintiff, an infant of 20 years, was injured in the state of Pennsylvania. He came to New York and took up his residence, bringing an action, through a guardian ad litem, in the Supreme Court of the state of New York, in Richmond county, which was removed into this court. The guardian ad litem was an acquaintance and friend of the infant, and the infant seems to have been supported for a time through a benevolent society, which also caused the appointment of the guardian ad litem and the beginning of the litigation. Subsequently thereto the infant plaintiff was taken charge of by certain relatives, who retained a different attorney, and secured the appointment of a different guardian ad litem, under whose direction an action was brought in the Supreme Court of New York, in New York county. The responsibility of the infant for his conversations with the different parties, and the amount of understanding which he had as to whether an action was being brought in his behalf, cannot be determined upon this application.

The defendant in the action in New York county made a motion to vacate the appointment of the guardian ad litem, upon the ground that the infant plaintiff had already proceeded to bring an action which was pending in this court. Whether or not this would have been a valid defense, or whether, if the appointment of the guardian ad litem in that action had been vacated, it would have availed more than to require a renewal of the application, under proper recitals, provided the present action were out of the way, need not be considered, for the Supreme Court of New York county has withheld action on that application until some proceeding can be taken in this court, so that the infant may prosecute the action which he really desires to have carried on, and to dispose of the other, so that but one shall be pending.

The present motion, therefore, was made by the attorney for the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

guardian ad litem in the action in New York county. This motion was to vacate the appointment of a guardian ad litem in this court, and to discontinue the action. It was based upon allegations that the original request for the appointment of a guardian ad litem and the institution of the action were unauthorized. But these charges do not seem to be substantiated, and it must be held that the infant had sufficient knowledge of the facts, or gave such general authorizations, that the appointment of the guardian at the beginning of the action should not be vacated, except upon affording proper protection to the attorney who did the work, for the services which he has rendered up to the present time. In other words, if the infant wishes to continue with his subsequent action, he may discontinue the present action in this court, upon proper terms.

The defendant has appeared, and has stated in open court that it is willing to proceed in either action, provided it is not called upon to defend two actions at the same time. It does not oppose the motion to discontinue this action, if the plaintiff puts himself in such position that the defendant's rights will be protected. Under these circumstances, the motion must be denied in the form in which it was presented. The court cannot find that the proceedings in the action in this court were entirely fraudulent, nor so unauthorized as to be null and void. But, on the other hand, the plaintiff now expresses a wish to proceed with his present attorney and through his present guardian ad litem.

Some doubt is thrown upon the ability of the guardian ad litem in the action in this court to satisfactorily represent the plaintiff, and this is an additional reason why the appointment should be vacated. But the plaintiff will have to apply to this court for the substitution of the guardian ad litem in the New York action, or of some other person as a party to act on his behalf, and then that party will have to move for the substitution of attorneys or the discontinuance of this action upon terms, and an order may then be made protecting the rights of the defendant and of the attorneys who have started the present action.